IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lawton Mattson, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Ceres Marine Terminals Inc.<br><br>Defendant. | Civil Action No.: 2:18-cv-00192-DCN<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Lawton Mattson, individually and on behalf of all other similarly situated individuals, by way of his Complaint against the Defendant, Ceres Marine Terminals Inc., alleges the following:

## NATURE OF CLAIM

1. This is an action for violations of unpaid overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, (FLSA).

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of other similarly situated Stevedores employed by the Defendant who suffered damages because of Defendant's violations of the FLSA.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Lawton Mattson is a citizen and a resident of Berkeley County, South Carolina.

4. Defendant, Ceres Marine Terminals Inc, is a for-profit corporation, incorporated in Maryland and registered with the South Carolina Secretary of State.

5. Venue is proper in this District because the Defendant has conducted substantial, continuous and systematic commercial activities in Charleston. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

6. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of similarly situated Stevedores who worked in excess of forty (40) hours during certain workweeks without receiving overtime compensation during the last three years.

7. This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

8. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

9. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

## FACTS

10. Defendant, Ceres Marine Terminals Inc (Ceres) is one of North America's premier stevedoring and terminal operating companies. Ceres handles every type, size &

shape of cargo including: Containers, General Cargo, Roll-On/Roll-Off, Automobiles, Cruise Services & Operations, Bulk/Breakbulk, Project Cargo, Heavy Lift, Steel, and Military cargo. http://www.ceresglobal.com/index.html

11. Ceres handles over 200,000 containers per annum in the Port of Charleston's terminal locations. In addition, the Defendant also provides services for Celebrity Cruises. http://www.ceresglobal.com/locations/charleston.html

12. The Defendant is paid by the steamship lines to load and unload cargo.

13. Plaintiff Lawton Matteson, is a current employee, who has been employed by the Defendant since June of 2016.

14. Plaintiff and similarly situated Stevedores are paid a salary.

15. Defendant misclassified Plaintiff, and other similarly situated Stevedores at the Charleston Ports, as exempt from the overtime compensation requirements of the FLSA.

16. Plaintiff's primary duties consisted of working with employees of the International Longshoremen's Association (ILA) with regard to loading and unloading cargo at the ports in Charleston, South Carolina. In addition, to loading food on cruise ships and directing traffic for the cruise line.

17. The Defendant's upper management hires a ILA supervisors who are called "Headers". The Header then hires, from the union hall, the ILA members referred to as the "Gang" he will supervise.

18. Plaintiff and similarly situated Stevedores, may direct the work of ILA gangs by giving them instructions such as: where a particular piece of cargo should be loaded or unloaded according to the stowage plan, or where the trucks are required to line-

up so the crane can loaded and unload cargo. However; the Header, not the Stevedore, has authority over the ILA gang.

19. Plaintiff, and other similarly situated Stevedores DO NOT interview or hire the ILA.

20. Plaintiff, and other similarly situated Stevedores DO NOT train the ILA.

21. Plaintiff, and other similarly situated Stevedores DO NOT set the ILA's rate of pay or hours worked.

22. The Plaintiff and other similarly situated Stevedores DO NOT have the authority to fire or discipline the ILA members.

23. Plaintiff and other similarly situated Stevedores are bound by the grievance procedure for disciplining union members as set forth in the ILA's collective bargaining agreement.

24. The Plaintiff and other similarly situated Stevedores, suggestions and recommendations as to firing and disciplining the ILA members, is not given significant weight or consideration by the Defendant.

25. It is a rare occurrence for Plaintiff and other similarly situated Stevedores to recommend that an ILA worker be disciplined and it is rarer still that their recommendation is followed.

26. The ILA Headers and the Gangs are paid, at least time and half of their regular rate of pay when they work over forty (40) hours in a work week.

27. The Defendant DOES NOT pay Plaintiff and similarly situated Stevedores one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a work week.

28. Plaintiff and similarly situated Stevedores regularly work more than forty (40) hours in a work week.

29. Plaintiff and similarly situated Stevedores, are "on call" (7) seven days a week, (24) hours a day.

30. Plaintiff and similarly situated Stevedores, do not have a set schedule.

31. Plaintiff and similarly situated Stevedores, receive an email each day between 4:00 pm and 5:00 pm that lists the Stevedores who are scheduled to work the following day. The email contains the start time, which varies depending upon the steamships arrival.

32. The email also informs Plaintiff and similarly Stevedores what their work assignment will be. For instance, they are told whether they will be working on the deck, the lead or with the cruise ships.

33. Plaintiff and similarly situated Stevedores are required to work until the ship is completely loaded or unloaded. As a result, they can regularly work ten (10) hours at a time.

34. Plaintiff and similarly situated Stevedores regularly work approximately (10) hours of overtime a week.

35. The position of a Stevedore involves grueling hours, working in extreme heat, cold, rain and wind. The job is extremely dangerous. Per the University of Chicago Health and Sciences Division, the position of Stevedore is included on the International Hazard Datasheet. http://illinoisinjuryprevention.org/Stevedore.pdf

36. Defendant did not employ the Plaintiff and similarly situated Stevedores as seaman.

37. The Plaintiff and similarly situated Stevedores did not render aid in the operation of the vessels as a means of transportation nor did they aid the vessels in navigation.

38. At all times, relevant to this Complaint, Plaintiff and similarly situated Stevedores were non-exempt employees for purposes of overtime compensation provisions of the FLSA.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Unpaid Overtime Compensation)
(Individual and Collective Action)

39. Plaintiff, on behalf of himself and all similarly situated Stevedores, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

40. At all times, pertinent to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

41. At all times, pertinent to this Complaint, Plaintiff and similarly situated Stevedores were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

42. At all times, relevant herein, Defendant was the "employer" of Plaintiff and similarly situated Stevedores as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

43. Defendant employed Plaintiff and similarly situated Stevedores for workweeks longer than forty (40) hours without compensating Plaintiff and similarly

situated Stevedores at a rate of one and on-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

44. Plaintiff and similarly situated Stevedores are entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

45. Defendant's violations of the FLSA is willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lawton Mattson, on behalf of himself and similarly situated Stevedores, seek judgment against the Defendant as follows:

a. That this Court certify this action as a collective action pursuant to 29U.S.C.§216(b);

b. An award of compensatory damages in an amount equal to the unpaid overtime compensation owed to Plaintiff and similarly situated Stevedores pursuant to 29 U.S.C. §216(b);

c. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

d. An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated Stevedores in bringing this action; and

e. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Lawton Mattson on behalf of himself and all other similarly situated Stevedores hereby demands a trial by jury.

    Respectfully submitted,

    s/ Marybeth Mullaney
    Marybeth Mullaney (Fed. ID No. 11162)
    Mullaney Law
    1037-D Chuck Dawley Blvd, Suite 104
    Mount Pleasant, South Carolina 29464
    (843) 588--5587 Phone
    marybeth@mullaneylaw.net

    *Attorney for Plaintiff*

    Tuesday, January 23, 2018
    Mount Pleasant, South Carolina.